**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW JERSEY MANUFACTURERS INSURANCE GROUP A/S/O LINDA ANN PAWLOWSKI,**<br><br>            **Plaintiff,**<br><br>      v.<br><br>**ELECTROLUX, INC.,**<br><br>            **Defendant.** | Civil Action No. 10-1952 (WJM)<br><br><br><br>**OPINION** |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion to compel more specific responses to discovery requests. The motion is opposed. Oral argument was not heard. Fed.R.Civ.P. 78(b). For the reasons set forth below, Plaintiff's motion is **granted in part and denied in part.**

**BACKGROUND**

**I.      Factual Background**

New Jersey Manufacturers ("Plaintiff") instituted this action on April 16, 2010 as subrogee of its insured, Linda Ann Pawlowski, after a fire occurred in her home on January 18, 2009. Plaintiff alleges that the fire originated from a Frigidaire clothes dryer, specifically the interior lower chamber of the dryer, underneath the drum.[1] See Compl. ¶¶ 11 - 13. Plaintiff contends that although the

---

[1] Plaintiff states that its expert reported that the design of the dryers allows lint to accumulate on a horizontal surface within the heater pan, which is exposed to the heat duct. Plaintiff claims Defendant's expert states that the dryer design involved does not cause fires or lint accumulation in the heater pan when properly installed and maintained. See CM/ECF No. 33

manufacturer data tag was destroyed by the fire, the unit is similar in design to the Model FGR311F. See Compl. ¶ 14. Electrolux, Inc. ("Defendant") is the manufacturer of the dryer at issue. See Compl. ¶ 2. Plaintiff asserts claims for strict products liability pursuant to N.J.S.A. 2A:58C and breach of warranty.

II.     **Discovery Disputes**

    A.     **Interrogatories**

The instant disputes arise from two Interrogatories served upon Defendant, Nos. 4 and 9, and two reports of Defendant's expert, Thomas Bajzek, P.E. ("Mr. Bajzek").

On July 13, 2010, Plaintiff propounded Interrogatory No. 4, requesting Defendant to:

> Identify any and all brands/makes and models of Electrolux manufactured clothes dryers that utilize the same or essentially similar design as the specific Electrolux clothes dryer subject to this action.

See CM/ECF No.28, Ex. A. Interrogatory No. 9 sought the following:

> Has(Have) any person(s) and/or entity(ies) complained or alleged that he, she, or anyone has suffered bodily injury, property damage, or death as a result of a fire involving any clothes dryer, electric or gas-powered, manufactured by Electrolux during the years of 2002 to 2006. clothes dryer that is subject to this action. (*sic*) ( ) YES ( ) NO.  If the answer is "YES," please provide the following information:
>
>     (a)     The brand, make and model of the Electrolux manufactured clothes dryer;
>
>     (b)     The date of the incident giving rise to the claim;
>
>     (c)     The location of the incident giving rise to the claim;
>
>     (d)     The name and address of the claimant (or insurer if subrogation is asserted) and their legal representatives, if applicable;

---

at 1 - 2.

      (e)      If a lawsuit was instituted against Electrolux, state the Court and Docket number in which suit was instituted.

Id.

Defendant objected to each Interrogatory. See CM/ECF No. 28, Ex. B. However, Defendant offered to provide more specific responses, but limited to data from the model family[2] of the Frigidaire Model FGR311F as pleaded in Plaintiff's Complaint. Plaintiff demanded broader disclosure, not limited by model family.

Plaintiff later amended its discovery requests to seek broader disclosure following Magistrate Judge Shipp's recent decision in Electric Ins. Co. v. Electrolux North America, Inc., 2011 WL 3667518 (D.N.J. Aug. 22, 2011). Plaintiff now seeks the following:

> All documents that concern, refer or relate to any other incidents involving fires allegedly caused by 5.7 cubic foot, front-load, gas/electric dryers manufactured or sold by Electrolux." Plaintiffs are also seeking Electrolux to identify all claims, including cases in litigation, involving fires "allegedly occurring in 5.7 cubic foot, front-load, gas/electric dryers manufactured or sold by Electrolux, and to produce all documents that concern, refer or relate to these claims and cases.
>
> Please be advised that we are interested in the incidents involving warranty claims, and not those that are restricted to the Electrolux Risk Group. Our request is not limited to model number or model family.

See CM/ECF No. 33-3. Defendant again opposed Plaintiff's discovery requests as overly broad and burdensome. See CM/ECF No. 34.

    **B.**    **Expert Disclosures**

The parties also have a dispute relating to expert disclosures. According to Plaintiff, the deposition of Defendant's expert, Thomas Bajzek, P.E., revealed that his studies encompassed all

---

[2] Model family has been described as the subset of dryers that contain certain (unidentified) common characteristics. Identification of the model family is arrived at by using the model numbers of the dryers. See CM/ECF No. 31 at 5.

5.7 cubic ft. free-standing dryers manufactured by Defendant at its Webster City, Iowa plant, and that he prepared two prior reports, in 2000 and 2002, on his studies concerning air flow within Electrolux dryers. See CM/ECF No. 28 at 6. Following Mr. Bajzek's deposition, Plaintiff demanded production of these two reports, but Defendant refused on the grounds that the reports were beyond the scope of discovery.

Plaintiff filed the present discovery motion seeking: (1) more specific responses to Interrogatories Nos. 4 and 9, without limitation to the model family of the dryer at issue; and (2) the production of two prior reports of its expert concerning airflow within Electrolux dryers. See CM/ECF No. 28.[3]

Defendant argues that Plaintiff's requests are overly broad and burdensome. Furthermore, Defendant asserts the reports of Mr. Bajzek go beyond the production required of expert witnesses because he did not rely upon them in formulating his report in this case. See CM/ECF No. 31.

## STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 26(b), a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. See Fed.R.Civ.P. 26(b). As this Court has recognized, Rule 26 is to be construed liberally. See Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J.1981). Relevance is a broader inquiry at the discovery stage than at the trial stage. See Nestle Food Corp. v. Aetna Cos. & Surety Co., 135 F.R.D. 101, 103 (D.N.J.1990). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See Fed.R.Civ.P. 26(b)(1).

---

[3] Plaintiff initially asserted eight separate requests for relief. See CM/ECF No. 28. Defendant has informed the Court that the parties had successfully resolved six of the eight issues. See CM/ECF No. 31.

Importantly, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J.2000); see also Nestle, 135 F.R.D. at 104. Although construed liberally, Rule 26 is not limitless. The Court may limit discovery when the burden is likely to outweigh the benefits. See Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999).

## DISCUSSION

### I.   Interrogatories

#### A.   Interrogatory No. 4

Plaintiff seeks any and all brands and models of Electrolux dryers utilizing the same or substantially similar design as the specific Electrolux dryer subject to this action. See CM/ECF No. 28-1. Seeking identification of dryers utilizing the same or substantially similar design as the dryer subject to this action seems to be a reasonable, non-burdensome request. Its ultimate admissibility is yet to be determined, however, it could likely result in the discovery of relevant evidence.

Limiting the response to model family sounds reasonable. However, the specific "common characteristics" making up a model family are not defined. Thus, if a dryer used the same configuration as the unit in issue and just happened to be in a different model family, there is no reason it should not be identified. Defendant has not established that identifying all Electrolux dryers with a similar relevant design would be burdensome. If Defendant is correct that the model family encompasses the only similarly designed dryers, so be it. However, if not, the answer should not be limited. Defendant should identify all similarly designed dryers. Specifically, any dryer that encompasses the alleged design defects should be identified. See Footnote 1, supra.

### B.     Interrogatory No. 9

Plaintiff initially requested information as to any complaints or allegations of bodily injury, property damage, or death as a result of a fire involving any clothes dryer manufactured by Defendant between the years 2002 and 2006. See CM/ECF No. 28-1. Following Judge Shipp's decision in Electric Ins. Co. v. Electrolux North America, Inc., 2011 WL 3667518 (D.N.J. Aug. 22, 2011), Plaintiff expanded its discovery request. See CM/ECF No. 33-3. Although not clearly articulated, Plaintiff's amended discovery request appears to supersede Interrogatory No. 9. Further, Plaintiff seeks warranty claims of all dryers for the past 10 years, and engineering change notices of all dryers for the years 2003 through 2006. See CM/ECF No. 33.

In Electric Ins. Co., policyholders of the plaintiff allegedly purchased a 5.7 cubic foot front-load gas dryer manufactured by Electrolux, which allegedly caught fire, causing more than $1 million in damages. Plaintiff requested production of all documents concerning any other incidents involving fires allegedly caused by 5.7 cubic foot front-load gas dryers manufactured or sold by Electrolux, and all claims, including cases in litigation, involving fires allegedly occurring in the same. See Electric Ins. Co., 2011 WL 3667518 at *1. Judge Shipp ordered the defendant to produce "investigative materials, including expert assessments, inspection reports, photographs and correspondence among Electrolux and the claimants (excluding correspondence to/from attorneys, which is protected as attorney-client privilege)." Id. The Court further concluded that Plaintiff "is entitled to this discovery, regardless of whether the information is located in the claims files or the litigation files." Id.

This Court agrees in full with Judge Shipp's Opinion. However, it is not clear that the dispute here is the same as in Electric Ins. Co.  That case does not necessarily support a finding that Plaintiff

6

is entitled to discovery of all claims or incidents involving fire, without any limitation. First, as already noted, Plaintiff's Complaint specifically alleges a particular model, and its expert identifies a specific design. See Footnote 1, supra. In Electric Ins. Co., Plaintiff's Complaint simply asserted that the dryer was "5.7 cubic foot frontload gas dryer." See Civ. Action No. 09-3792, Docket Entry No. 1. At this stage, Plaintiff is entitled to discovery of any dryer fires involving Electrolux dryers with the same design features involved in this case.

Next, Plaintiff's request for "all documents" is extremely broad. The issue in Electric Ins. Co. involved litigation files. See Electric Ins. Co., supra, at *1. The Court believes it is reasonable to begin with an identification of any legal actions including docket numbers and dates of any legal actions involving similarly designed dryers causing fires, as well as any customer complaints regarding same. The specific documents required to be produced can be decided after the parties meet and confer on the subject, guided by Judge Shipp's Opinion.

Likewise, the request for engineering change notices for dryers during the years 2003 through 2006, with no limitation, is quite broad. Certainly, any change notices involving any aspect of the design encompassing the alleged defect should be provided. Changes not addressing the design components at issue need not be produced.

Therefore, Plaintiff's motion to compel more specific responses to its amended discovery requests is **granted in part and denied in part**.

## II.     Expert Disclosures

Plaintiff seeks to compel the production of two reports, prepared in 2000 and 2002, by Defendant's expert, Thomas Bajzek, P.E., which purportedly discuss air flow within Electrolux dryers. See CM/ECF No. 28, Ex. F.

In support of its opposition papers, Defendant submitted a sworn affidavit of Mr. Bajzek, which included the following pertinent statements:

6. I no longer have copies of the reports of my 2000 and 2002 air flow studies.

7. The air flow studies in 2000 and 2002 were both conducted for clients other than Electrolux and the reports prepared from those studies were for those non-Electrolux clients.

9. I did not rely on the 2000 or 2002 reports or the studies underlying those reports in preparing my expert report in the Pawlowski v. Electrolux...matters and/or in conducting in the air flow study discussed in my expert report in [this] case[]. My lack of reliance on these former reports is further noted by their absence from the section entitled "Reference Documents" in the Pawlowski v. Electrolux...reports.

See CM/ECF No. 31-2.

It is difficult to decide this request based on the information provided. If Mr. Bajzek issued any reports commenting on the design features or defects alleged in this case, even involving another dryer model, same should be produced. If Mr. Bajzek no longer has the reports, he should provide as much information as he has that would help Plaintiff locate the reports. The fact that Mr. Bajzek did not rely on the prior reports for his report in this case is not dispositive of the issue. While it may mean that the expert need not make automatic disclosure of the reports, requests for the reports are relevant expert discovery requests. For example, if the expert took a contrary position in a prior report, it could be used for impeachment and other purposes.

## CONCLUSION

For the above stated reasons, Plaintiff's motion to compel is **granted in part and denied in part**. An appropriate Order accompanies this Opinion.

/s/ Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: October 26, 2011**

cc:   Hon. William J. Martini, U.S.D.J.
      Clerk's Office
      File